Peter C. Dee
Mavronicolas & Dee LLP
Attorney for Defendant
415 Madison Ave., 18th Floor
New York, NY 10017
(646) 770-1256
pdee@mavrolaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>       Defendant. | ECF Case<br><br>2:15-cv-04802-SJF-SIL<br><br><br>**Defendant's Answer to Plaintiff's First Amended Complaint, and Affirmative Defenses** |

Defendant, by and through his attorney Peter C. Dee, responds to Malibu Media's Amended Complaint as follows:

### Introduction

1. Defendant admits that Malibu Media has alleged acts of copyright infringement under United States Copyright Act of 1976, as amended, 17 U.S.C. §101 et seq, though Defendant denies such allegations.

2. Defendant denies the allegations of Paragraph 2 of Plaintiff's Amended Complaint.

3. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 3 of Plaintiff's Amended Complaint, and therefore denies them.

### Jurisdiction and Venue

4. Defendant admits that Plaintiff has alleged causes of action under federal intellectual property statutes. Defendant lacks information and belief as to the remaining allegations

in Paragraph 4 of Plaintiff's Amended Complaint.

5. Defendant admits that he resides in the State of New York. Defendant denies the remaining allegations in Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 6 of Plaintiff's Amended Complaint, and therefore denies them.

7. Defendant admits that he resides in the Eastern District of New York. Defendant denies the remaining allegations in Paragraph 7 of Plaintiff's Amended Complaint.

## Parties

8. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 8 of Plaintiff's Amended Complaint, and therefore denies them.

9. Defendant admits the allegations in Paragraph 9 of Plaintiff's Amended Complaint.

## Factual Background

I. To the extent that Roman Numeral I represents an independent allegation, Defendant denies such allegation.

10. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 10 of Plaintiff's Amended Complaint, and therefore denies them.

11. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 11 of Plaintiff's Amended Complaint, and therefore denies them.

12. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 12 of Plaintiff's Amended Complaint, and therefore denies them.

13. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 13 of Plaintiff's Amended Complaint, and therefore denies them.

14. Defendant lacks sufficient knowledge or information to respond to the allegations in

Paragraph 14 of Plaintiff's Amended Complaint, and therefore denies them.

15. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 15 of Plaintiff's Amended Complaint, and therefore denies them.

16. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 16 of Plaintiff's Amended Complaint, and therefore denies them.

17. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 17 of Plaintiff's Amended Complaint, and therefore denies them.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Amended Complaint.

20. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 20 of Plaintiff's Amended Complaint, and therefore denies them.

21. Defendant denies that IPP International UG downloaded from Defendant one or more bits of each file hash listed on Exhibit A.  Defendant lacks sufficient information to respond to the remaining allegations in Paragraph 21, and therefore denies them.

22. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 22 of Plaintiff's Amended Complaint, and therefore denies them.

23. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 23 of Plaintiff's Amended Complaint, and therefore denies them.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Amended Complaint.

### Miscellaneous

25. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 25 of Plaintiff's Amended Complaint, and therefore denies them.

26. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 26 of Plaintiff's Amended Complaint, and therefore denies them.

### COUNT 1

27. Defendant reaffirms, realleges, and reincorporates his responses and denials to each of the preceding paragraphs as if set forth fully herein.

28. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 28 of Plaintiff's Amended Complaint, and therefore denies them.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Amended Complaint.

30. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 30 of Plaintiff's Amended Complaint, and therefore denies them.

31. Defendant denies the allegations of Paragraph 31 of Plaintiff's Amended Complaint and each subpart thereto.

32. Defendant denies the allegations of Paragraph 32 of Plaintiff's Amended Complaint.

### DEFENDANT'S AFFIRMATIVE DEFENSES

#### Factual Background

1. Plaintiff is a purveyor of pornographic adult films and prodigious litigant.

2. Upon information and belief, Plaintiff has filed upwards of 4000 lawsuits alleging infringement of its works via BitTorrent protocol.

3. Upon information and belief, Plaintiff's goal in filing these lawsuits is not a judgment on

the merits. Rather, Plaintiff seeks to coerce a settlement from the ISP subscriber – as herein – without regard to whether that subscriber has actually infringed any of Plaintiff's works.

4. Upon information and belief, Plaintiff coerces its settlements by leveraging potential embarrassment of the Defendant into monetary settlement by, inter alia, threatening to depose a Defendant's friends, family, and neighbors, as well as by leveraging the inherent cost of federal litigation.

5. Upon information and belief, the conduct set forth herein led Central District of California District Judge Otis Wright to refer to Malibu Media's operation as "essentially an extortion scheme."

6. Upon information and belief, many of Plaintiff's works feature "performers" that are apparently extremely young, and, indeed, Plaintiff allows users to sort its movies by "age" on its website.

7. Indeed, works allegedly downloaded by Defendant in this matter include titles that emphasize the youth of the performers.

8. In an effort to curtail the spread of child pornography and to protect "performers" in the pornography industry, the United States has introduced numerous record-keeping and other requirements with regard to every individual appearing in a visual depiction of actual sexually explicit conduct. See 18 U.S.C. §2257.

9. In addition, 18 U.S.C. §2257 requires certain record-keeping and compliance information to appear at the beginning and end of pornographic works.

10. Upon information and belief Plaintiff is subject to the requirements of 18 U.S.C. §2257 in relation to each of the works allegedly infringed in this matter.

11. Upon information and belief, Plaintiff has not met its obligations under 18 U.S.C. §2257 with regard to the works at issue in this matter.

12. Upon information and belief, many if not all of the works at issue in this litigation were filmed in the home of Malibu Media's owners Collette and Brigham Field in Ventura Country, California.

13. Upon information and belief, Ms. Field has acknowledged that Plaintiff films many of the works in her home in Ventura County, and has previously used the hashtag "#venturacounty" in social media posts as an addendum to an Instagram message indicating that she was "getting ready for another day of shooting."

14. Upon information and belief, the City of Malibu and Ventura County each require all commercial film productions to obtain a permits before engaging in commercial filming.

15. Upon information and belief, Plaintiff has not secured a relevant filming permit for any of Malibu Media's works, including but not limited to the works at issue in the instant litigation.

16. Upon information and belief, Ventura Country has also passed legislation regulating the pornography industry in the county, including but not limited to Ordinance No. 4452, requiring, inter alia, a permit to produce an "adult film" in the County.

17. Upon information and belief, Malibu Media has not obtained the permits required to produce an adult film in Ventura County.

18. Upon information and belief, California state law requires that performers in "adult films" use barrier protection, including condoms, to protect employees during the production of adult films.

19. Upon information and belief, the works at issue herein do not comply with the

requirements regarding the use of "barrier protection" set forth by the State of California.

20. Upon information and belief, many of Plaintiff's works, including the works allegedly infringed in this matter, appear on BitTorrent before they are even available to members of Malibu Media's website or any other licensed outlet for its works.

21. Upon information and belief, Plaintiff and/or its agents, employees are responsible for intentionally seeding Malibu Media's works on BitTorrent.

22. Upon information and belief, Plaintiff and/or its agents or employees intentionally seed Malibu Media's works in order to encourage BitTorrent users to download the seeded works.

23. Upon information and belief, Malibu Media makes more income from suing and settling with alleged copyright infringers than it does from the licensed distribution or display of its works.

24. Plaintiff in this matter has alleged infringements from August 4, 2014 to June 13, 2015.

25. Each alleged infringement in this action purportedly arose from the same IP address.

26. Upon information and belief, at no time from August 4, 2014 to June 13, 2015, did Plaintiff make any attempt to curtail the alleged infringement of its works via IP address 68.194.153.154, despite purportedly having actual knowledge of the same.

27. Upon information and belief, Plaintiff or its agents have contracted with IPP, Ltd., and/or Excipio GmbH to monitor IP addresses and harvest IP address information to be used in civil litigation.

28. Upon information and belief, neither IPP, Ltd., or Excipio GmbH are licensed private investigators, as required by New York law, including New York General Business Law §70(2).

**First Affirmative Defense: Unclean Hands**

29. Defendant repeats, reasserts, and restates the allegations of Paragraphs 1-28 of Defendant's affirmative defenses as though fully set forth herein.

30. The conduct set forth herein, including but not limited to Plaintiff's failure to comply with Federal, State, and local laws, regulations, and ordinances in connection with the creation and distribution of the allegedly infringed works herein violates law, conscience, good faith, and other equitable principles and Plaintiff should therefore take nothing on its complaint.

31. Likewise, Plaintiff's continued use of unlicensed overseas private investigators violates New York law, including New York General Business Law §70(2).

**Second Affirmative Defense: Implied License**

32. Defendant repeats, reasserts, and restates the allegations of Paragraphs 1-31 of Defendant's affirmative defenses as though fully set forth herein.

33. Plaintiff's conduct set forth above, including but not limited to seeding its own works on BitTorrent or otherwise allowing such works to appear on BitTorrent before being released on Malibu Media's own website, constitutes an implied license for users of BitTorrent

**Third Affirmative Defense: Laches**

34. Defendant repeats, reasserts, and restates the allegations of Paragraphs 1-33 of Defendant's affirmative defenses as though fully set forth herein.

35. Despite purportedly having actual knowledge that an individual was allegedly infringing

Plaintiff's purportedly copyrighted works, Plaintiff took no efforts to curtail the alleged infringements.

### Fourth Affirmative Defense: Unconstitutionally Excessive Damages

36. Defendant repeats, reasserts, and restates the allegations of Paragraphs 1-35 of Defendant's affirmative defenses as though fully set forth herein.

37. The measure of damages sought by Plaintiff is unconstitutionally excessive.

### Fifth Affirmative Defense: Failure to Mitigate Damages

38. Defendant repeats, reasserts, and restates the allegations of Paragraphs 1-37 of Defendant's affirmative defenses as though fully set forth herein.

39. Upon information and belief, as set forth above, rather than discouraging the purportedly unlawful sharing of its works via BitTorrent, Plaintiff has actively engaged in activity designed to encourage the sharing of its works via BitTorrent.

### Sixth Affirmative Defense - Waiver

40. Defendant repeats, reasserts, and restates the allegations of Paragraphs 1-39 of Defendant's affirmative defenses as though fully set forth herein.

41. As a result of the conduct set forth herein, Plaintiff's claim is barred by the doctrine of waiver.

### Seventh Affirmative Defense: Estoppel

42. Defendant repeats, reasserts, and restates the allegations of Paragraphs 1-41 of Defendant's affirmative defenses as though fully set forth herein.

43. As a result of the conduct set forth herein, Plaintiff's claim is barred by the doctrine of estoppel.

### Eighth Affirmative Defense: Statute of Limitations

44. Defendant repeats, reasserts, and restates the allegations of Paragraphs 1-43 of Defendant's affirmative defenses as though fully set forth herein.

45. Plaintiff's Amended Complaint includes only the "Most Recent Hit" for each work.

46. Upon information and belief, Plaintiff has monitored the IP address at issue in this matter for several years.

47. Upon information and belief, Plaintiff discovered some or all of the works allegedly being shared via the IP address at issue more than 3 years prior to the date the instant action was filed.

WHEREFORE, Defendant prays this court for the following relief:

1) For dismissal of Plaintiff's action with prejudice;

2) For an order that Plaintiff shall take no relief from their complaint herein;

3) For an award of Defendant's costs and attorney fees herein incurred;

4) For a declaratory judgment that Defendant has not infringed Plaintiff's copyrights; and

5) For such other relief as this Court deems just.


DATED: February 21, 2017     Mavronicolas & Dee, LLP


By: /s/ Peter C. Dee
Peter C. Dee
Mavronicolas & Dee, LLP
Attorney for Defendant
415 Madison Ave., 18th Floor
New York, NY 10017
(646) 770-1256
pdee@mavrolaw.com

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Defendant demands a jury trial on all issues so triable.

DATED: February 21, 2017

                                        Mavronicolas & Dee, LLP

                                        By: /s/ Peter C. Dee
                                               Peter C. Dee
                                               Mavronicolas & Dee LLP
                                               Attorney for Defendant
                                               415 Madison Ave., 18th Floor
                                               New York, NY 10017
                                               (646) 770-1256
                                               pdee@mavrolaw.com